22-2666
*United States v. Frink*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    22-2666

GLYN FRINK,

> *Defendant-Appellant*.

―――――――――――――――――――――――――――――

For Defendant-Appellant:          James P. Egan, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

For Appellee:                     Paul D. Silver, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Glyn Frink appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*) sentencing him principally to 36 months' imprisonment following his conviction, upon guilty plea, for escaping from custody in violation of 18 U.S.C. § 751(a). At the time of Frink's escape from custody, he was serving the end of a criminal sentence at the Horizon House Residential Reentry Center, a Bureau of Prisons ("BOP") halfway house, following his seventh revocation of supervised release. During the approximately five-month period in which Frink evaded authorities, he failed to register as a sex offender in his new location, for which he was charged in state court. On appeal, Frink argues that his 36-month federal sentence, which is above the United States Sentencing Guidelines ("Guidelines") range of 18 to 24 months, is substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only insofar as necessary to explain our decision to **AFFIRM**.

\* \* \*

This Court reviews sentences for substantive reasonableness under "a particularly deferential form of abuse-of-discretion review." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) (quotation marks omitted). We find substantive error "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"

---

[1] Frink's opening brief on appeal alleged procedural error as well, but in a letter dated May 31, 2023 Frink's counsel withdrew this claim, which was premised on what proved to be an error in the sentencing transcript that has now been corrected.

*United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). District courts must "remain cognizant" of the Guidelines when fashioning a sentence, *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007), but it is "emphatically clear that the Guidelines are guidelines—that is, they are truly advisory," *Cavera*, 550 F.3d at 189. Just as this Court cannot presume that a within-Guidelines sentence is reasonable, we cannot "presume that a non-Guidelines sentence is unreasonable, or require 'extraordinary' circumstances to justify a deviation from the Guidelines range." *Cavera*, 550 F.3d at 190 (quoting *Gall,* 552 U.S. at 47).

Frink argues that the district court assigned undue weight to Frink's history of supervision violations and his failure to register as a sex offender following his escape—an analysis which he argues did not adequately incorporate the factors set forth at 18 U.S.C. § 3553(a) and resulted in a sentence that was greater than necessary to achieve the purposes of sentencing. We disagree.

At the sentencing hearing, the district court stated that it had considered "all pertinent information," including the § 3553(a) factors, the Presentence Report and addendum, submissions by counsel, and the Guidelines imprisonment range of 18 to 24 months. Gov't App'x 14. The court remarked on Frink's "extensive criminal history," including twelve convictions, "extensive history of violations of his supervised release," and status as a BOP inmate at the Horizon House following his seventh revocation of supervised release. Gov't App'x 15. The court considered Frink's "repeated violations of his sex offender registration requirements, his persistent disregard for court orders and his supervised release obligations, his escape from the custody of the halfway house and his reported reasons for said detainment." *Id.* The district court also noted Frink's failure to address substance abuse and sex offender issues and to update his sex offender registration during his five months evading authorities. *Id.* The court stated as follows:

It's evident from this extensive history that Mr. Frink is expected, will continue to violate the law and the orders of this Court. As such, the sentence is necessary in order to meet the goals of sentencing outlined in 18 U.S.C., Section 3553(a), including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for this offense and to afford adequate deterrence to other criminal conduct and, finally, to protect the public from further crimes of this defendant.

Gov't App'x 16. The district court's written statement of reasons reiterated that the court imposed a sentence that varied upward from the applicable Guidelines range for these reasons.

The district court did not abuse its discretion in considering Frink's history of seven supervision violations and the instant registration violation, among multiple other factors, in arriving at a sentence. Frink argues, *inter alia*, that because "registering as a sex offender would have brought [his] escape status to the attention of law enforcement authorities," his most recent registration violation should not have been separately considered. Appellant's Br. 13. We are unpersuaded. Here, the court's explanation of its sentence—including its consideration of Frink's failure to register and his seven violations—accords with the statutory factors and, in particular, with Section 3553(a)(1)–(2), which provides that "[t]he court . . . shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the need for the sentence "to promote respect for the law," *id.* § 3553(a)(2)(A).

We are also not convinced, despite Frink's argument to the contrary, that the district court abused its discretion by imposing a sentence that was greater than necessary. Frink indicates that the court did not find him likely to endanger the public—only that he would "continue to violate the law and the orders of this Court." Appellant's Br. 14 (quoting Defendant-Appellant's App'x 61). But even assuming the district court was required specifically to address this point (and it was not), the court in fact indicated that Frink's sentence was necessary to "protect the public from

4

further crimes of this defendant," Gov't App'x 16, and that Frink's escape from custody had "halted treatment attempts," Gov't App'x 15.

The district court appropriately relied on the factors it cited in fashioning Frink's 36-month sentence. It adequately explained why his escape from custody, in view and continuation of his history of violating court orders, warranted an upward variance from the Guidelines in order to best satisfy the purposes of sentencing. Here, Frink's 36-month sentence is not "shockingly high" in light of the factors cited by the district court. *Rigas*, 583 F.3d at 123. We therefore lack any basis upon which to find his sentence substantively unreasonable.

\* \* \*

We have considered Frink's remaining arguments and conclude they lack merit. We therefore **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5